# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>GASLAMP INSURANCE SERVICES, INC., and PREFERRED CONTRACTORS INSURANCE COMPANY, RRG,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§  Civil Action No.: 4:19-cv-754-RWS-KPJ<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Gaslamp Insurance Services, Inc.'s ("Gaslamp") Motion to Remand (the "Motion") (Dkt. 5). The Motion was filed on November 15, 2019; thus, the deadline for Defendant Preferred Contractors Insurance Company RRG, LLC ("PCIC") to respond was November 29, 2019. *See* Dkt. 5.

After PCIC failed to file a response, the Court ordered PCIC to respond no later than December 17, 2019. *See* Dkt. 6. Furthermore, PCIC was warned that pursuant to the Eastern District of Texas's local rules (the "Local Rules"): "A party's failure to oppose a motion in the manner prescribed [in Local Rule CV-7(d–e)] creates a presumption that the party does not controvert the arguments set out by movant and has no evidence to offer in opposition to the motion." *Id*. (citing LOCAL RULE 7(d)). To date, PCIC has neither filed a response nor requested an extension of time to respond. Accordingly, as stated in the Local Rules, the Court presumes that PCIC does not controvert the arguments set forth in Gaslamp's Motion.

Having reviewed the Motion and the applicable authorities, the Court recommends Gaslamp's Motion (Dkt. 5) be **GRANTED**.

## I.     BACKGROUND

Plaintiff Amica Mutual Insurance Company ("Plaintiff") is an insurance company incorporated in the state of Rhode Island with its principal place of business in Lincoln, Rhode Island. Dkt. 1 at 2. Plaintiff's assignor, Professor Plumb, LLC, is a limited liability company formed under the state of Texas with its principal place of business in Texas. *See id*. Defendant PCIC is a risk retention group under the state of Montana, with its principal place of business in Montana. *See id.* Defendant Gaslamp is a company incorporated in California with its principal place of business in California. *See id*.

Plaintiff filed this action in the 416th Judicial District Court of Collin County, Texas, on June 20, 2019. *See* Dkt. 2. PCIC removed the action to this Court on the basis of diversity jurisdiction, claiming Gaslamp consented to removal. *See* Dkt. 1 at 2. Gaslamp filed the Motion, asserting that it will not file a written consent to removal, and thus, removal is improper. *See* Dkt. 5 at 2.

## II.     LEGAL STANDARD

Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The federal removal statute provides, "Except as otherwise expressly provided . . . any civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the defendant or defendants, to the district court . . . for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Subject matter jurisdiction in federal court is generally conferred through either: (1) federal question jurisdiction under 28 U.S.C. §1331; or (2) diversity of citizenship jurisdiction under 28 U.S.C. §1332. In cases where an action originally filed in state court is removed to federal court, it is well settled that the removing party has the burden of proof to establish a federal court's jurisdiction. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). When reviewing removal, a court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c). Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### III.    ANALYSIS

Gaslamp asserts that removal is improper because it has not consented to removal in writing. *See* Dkt. 5. Under Fifth Circuit precedent, "all defendants who are properly joined and served must join in the removal petition." *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citing 28 U.S.C. §1446(b)(2)(A)). If all defendants do not join in or consent to the removal petition, the petition is rendered defective. *Id.* Here, it is clear Gaslamp was properly joined and served in the action, as Gaslamp filed a Special Appearance and Original Answer in state court. *See* Dkt. 1-2 at 22. While PCIC claimed in the Notice of Removal that Gaslamp consented to removal, this mere representation is not enough. "[T]here must be some timely filed written indication from each served defendant, . . . that is has actually consented to such action." *Getty Oil*, 841 F.2d at 1262 n.11. Because Gaslamp has not filed a written consent

3

to removal, and expressly stated in the Motion that it would not give its written consent to removal, the Court finds that removal is improper.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds the Notice of Removal is rendered defective. Accordingly, the Court recommends that PCIC's Motion to Remand (Dkt. 5) be **GRANTED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 13th day of January, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE